JOHN S. AKIN v. W. H. POFFENBERGER.

Decided January 20, 1909.

**1.—Agency—Sale—Compensation from Both Parties.**

Under contract to sell land of his principal on commission, the agent occupied a fiduciary relation requiring diligence to sell for the best price obtainable, and could not recover for negotiating a sale under an agreement, not known and assented to by his principal, by which he was to receive a commission from the purchaser also.

**2.—Land Agent—Fraud—Ratification.**

Charges considered and held to properly present the issues, which were those of fact, in regard to fraud by a land agent in negotiating a sale, and ratification of his contract by the principal.

Appeal from the District Court of Harris County. Tried below before the Hon. Norman G. Kittrell.

*Joe H. Eagle* and *O. T. Webb,* for appellant.—It was not illegal, upon the grounds of public policy, for the plaintiff to agree with the purchaser, Ross, to receive from him a two and one-half percent commission. Armstrong v. O'Brien, 83 Texas, 635; Montross v. Eddy, 34 Am. St. Rep., 327, 94 Mich., 100; Leekins v. Nordyke & Marmon Co., 66 Iowa, 471; Fitzsimmons v. Southern Ex. Co., 40 Ga., 330; Alexander v. Northwestern C. Univ., 57 Ind., 466; 1 Am. & Eng. Ency. of Law, 1073, 1074 and 1113; Mechem on Agency, sec. 973.

*C. A. Oliver* and *Ewing & Ring,* for appellee.—Double compensation to an agent defeats his right to recover from either seller or buyer, unless such was upon the intelligent consent of both. Armstrong v. O'Brien, 83 Texas, 635, 648-9; Tinsley v. Penniman, 12

Texas Civ. App., 591; Rice v. Davis, 136 Pa. St., 439; Walker v. Osgood, 98 Mass., 348, 93 Am. Dec., 168, and note, 177-78; 4 Am. & Eng. Ency. of Law (2d ed.), 984; 1 Id., 1073-75; 23 Id., 907; Mechem's Agency, secs. 643, 798, 953, 972.

Where an agent assumes to act without authority, a ratification is in every respect the equivalent of a prior authority with the same attendant consequences. Mechem's Agency, secs. 167, 602.

KEY, ASSOCIATE JUSTICE.—John S. Akin, as plaintiff, instituted this suit against W. H. Poffenberger, as defendant, for the purpose of recovering the sum of $1,912.50, alleged to be owing by the defendant to the plaintiff. The plaintiff alleged that the defendant had breached a contract by the terms of which he agreed to allow the plaintiff to act as his agent in the sale of a tract of land; that by the terms of the contract the plaintiff was to have all in excess of $50 per acre for which he could sell the land. He alleged that he procured a purchaser ready, willing and able to purchase the land at $55 per acre, and that the defendant refused to sell it to the purchaser. He also alleged that if the defendant did not voluntarily refuse to execute the contract of sale, that he wrongfully and fraudulently induced the purchaser to do so.

The defendant filed an answer embracing a general denial and a special plea setting up certain defenses, which need not be specially stated here.

There was a jury trial which resulted in a verdict and judgment for the defendant, and plaintiff has appealed. As the vital questions presented in this court relate to the instructions upon which the case was submitted to the jury, the court's charge, omitting formal parts, is here set out:

"The law in this case you will receive in this charge and be governed thereby, construing all parts of it together. You are the sole and exclusive judges of the facts proved, the weight of the evidence, and the credibility of the witnesses.

"The burden is upon the plaintiff, in order to make out a case for recovery, to prove by a preponderance of the evidence substantially the allegations contained in his petition upon which he relies for recovery, and unless he has so proved by a preponderance of the evidence you will find for the defendant without inquiring further.

"2. There are certain facts that you will treat as proved. (First) That the defendant, Poffenberger, employed the plaintiff, Akin, to sell the land; (second) that the correspondence between the parties, which it is the duty of the court to construe, did not authorize Akin to make a written contract for the sale of the land; (third) that the correspondence did not give the plaintiff the right at all events, to everything he got over $50 an acre net to defendant, but gave him only the right to his proper commissions under a sale for a sufficient price to leave defendant clear above expenses, including commissions, at least $50 an acre, and therefore, if you do not believe from the evidence that there was afterwards any different agreement or understanding between the parties about the commission, other than is shown by the correspondence, then you will find for the defendant;

(fourth) that the plaintiff did agree with Ross to receive from Ross two and one-half percent additional commissions on the amount of the sale, and upon the ground of public policy, the law declares such agreement illegal, and unless it is shown by a preponderance of the evidence that defendant was told of this agreement with Ross to accept pay from the latter, and that defendant then consented to it, you will find for defendant on that ground and inquire no further.

"3. As you have been instructed, the plaintiff was not authorized to make a written contract for the defendant with Ross, therefore such contract was not binding upon the defendant unless he was afterwards informed of it in the terms in which it was made, and of all the facts under which it was made, and then ratified it by accepting the agency under which it was made and approving and adopting plaintiff's acts. In order to bind the defendant by ratification of the contract, such ratification, if any there was, must have been made by him with the full knowledge of all the material facts.

"4. In this connection you will inquire whether Ross was induced to enter into the contract of sale by a misrepresentation of the plaintiff to him as to the net price required by the owner or seller. It is contended on the one side that Akin told Ross that $55 an acre was the lowest price that the seller Poffenberger would take and that he, Akin, would get nothing at that price, and that thereby Ross was induced to pay Akin two and one-half percent commission. On the other hand it is contended that Akin told Ross that $55 an acre was the lowest price that Ross could get the land at, and the contract in evidence shows that that was the price fixed to Ross.

"5. What the representations Akin made to Ross were upon this point is for you to determine from the evidence, and determine whether Akin made a fraudulent misrepresentation to Ross about the matter, and if you find that he did and find such fraud or deception, if any you find there was, induced Ross to enter into the contract of sale and also contributed as material inducement to his refusal to carry out the sale, you will find for the defendant, however you may decide the other issues, and although you may find that defendant's inability to convey all the land was also an inducing cause for the refusal on Ross' part, or even his principal motive or reason.

"6. As you have been instructed, the correspondence did not have the effect to give to plaintiff all over and above $50 an acre he might get for the land, and therefore if you believe, as shown by the testimony and set forth by the plaintiff in his pleading, he was to get two and one-half percent additional from Ross, you will find for defendant, unless the defendant was advised by Akin fully as to the fact that he was getting the two and one-half percent from Ross, and that he was selling the land to Ross at $55 an acre, and that with the knowledge of these facts, the defendant consented to the carrying out of such contract.

"7. If you find that defendant Poffenberger was advised by the plaintiff Akin of all these facts, and consented and agreed to Akin's contract, then you will find for the plaintiff the amount claimed by him, $1,912.50, with interest at six percent from the date when the same would have been realized if the sale had been consummated

until now, unless you find for defendant on some other issue submitted herein.

"8. The defendant had the right to disclose to Ross the truth of the authority he had conferred upon the plaintiff if the alleged fraudulent misrepresentation was made, and if you believe there had been a fraudulent misrepresentation made to Ross by Akin, and that such statement of the truth of the authority that defendant had given to the plaintiff Akin was revealed by the statement made to him by Poffenberger, and that thereby Ross was led or induced to refuse to carry out the original contract of sale, that fact would not make the defendant liable on the ground that he caused or procured Ross to refuse to carry out the sale.

"9. In this connection you are instructed that: If you believe from all the testimony that Poffenberger, the defendant, did ratify the contract made with Ross and consented to the carrying out of the same, and that afterwards the said Poffenberger, either directly or indirectly through his agent or attorney, made to Ross such representations as to Poffenberger's liability to convey all the land as induced Ross to refuse to carry out the contract, and that Poffenberger made such representations with the intent to induce Ross to refuse to carry out the contract, and that Ross did refuse to carry out the contract on account of such representations, then, unless you further find that the alleged fraudulent statement as to the price made to him by Akin, if you believe the same was made, in some degree contributed to Ross's refusal, the plaintiff is entitled to recover of the defendant the amount he sues for, to wit: $1,912.50, together with interest at six percent from the time the sale would have been consummated but for such refusal of Ross, provided you find the other facts to be such as entitle plaintiff to recover as herein submitted.

"10. If you believe that Akin advised or informed Poffenberger that he was to receive two and one-half percent from Ross, the defendant was not obligated at once to declare his approval or disapproval of that action, nor to consent or refuse to consent thereto immediately, but he had a reasonable time in which to advise himself of his rights in the premises in view of that statement, and if you believe he was merely silent without objection, and that he intended thereby to reserve the matter in abeyance until he could advise himself of his rights, the law will not hold him to have consented to the receipt of such percent from Ross by his mere silence, but he had a right to a reasonable time in which to determine what he would do.

"If you find for plaintiff you will find as hereinbefore instructed. If you find for defendant you will so say and no more."

It is not deemed necessary to refer to and consider in detail the numerous assignments of error addressed to the charge. They have all received careful consideration, and the conclusion has been reached that they are severally and collectively untenable.

We overrule the contention that the court placed an erroneous construction upon the correspondence between the parties. That was the only testimony relied on by appellant to prove the contract sued upon, and it failed to show that the parties had entered into an agreement by which the plaintiff was to receive as his compensation all over $50

per acre for which he could sell the land. If the contract alleged by him had been established his contention may be true that, under such contract, it would not have been unlawful for him to receive a commission from the purchaser without the knowledge or consent of appellee. But the proof failing to show the existence of such contract, then if it proved any agency at all, it was an ordinary agency which placed appellant in a fiduciary relation to appellee, and required him to exercise his skill and diligence to sell the land for the highest price; and, when such an agency exists, it is contrary to public policy and unlawful for the agent, without the consent of his principal, to accept compensation from the purchaser. This was one of the vital points in this case, and the charge of the court in relation thereto is not subject to the criticisms urged against it.

The other important questions were those of ratification by the defendant and of fraudulent conduct by the plaintiff alleged to have induced Ross, the purchaser, to decline to consummate the purchase. The court's charge submitted those questions to the jury tersely but with substantial accuracy, and in such manner as to leave no just ground for contending that the jury was not properly instructed as to the law relating to those questions. On all the issues submitted to the jury there was testimony supporting a finding in favor of appellee, and, in support of the verdict, we accordingly find the facts so to be.

After due consideration of all the questions presented, our conclusion is that no error has been shown and the judgment will be affirmed.

*Affirmed.*